12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marco Antonio URIAS-MELENDEZ, aka Marcos A. Melendez,
Defendant-Appellant.
 No. 93-30162.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 16, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marco Antonio Urias-Melendez appeals his conviction following jury trial for reentry following deportation after an aggravated felony conviction in violation of 8 U.S.C. Sec. 1326(a), (b)(2). Urias-Melendez contends the district court erred by not giving his requested jury instruction regarding his failure to testify. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo whether the jury instructions given adequately covered the defense theory when the district court rejected a proposed instruction. United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992).
 
 
 4
 Upon request, a defendant has a constitutional right to a jury instruction that "minimize[s] the danger that the jury will give evidentiary weight to a defendant's failure to testify." Carter v. Kentucky, 450 U.S. 288, 305 (1981). Nonetheless, "[a] defendant is not entitled to any particular form of instruction, nor is he entitled to an instruction that merely duplicates what the jury has already been told." United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.) (footnote omitted), cert. denied, 113 S.Ct. 504 (1992); see, e.g., United States v. Sehnal, 930 F.2d 1420, 1427 (9th Cir.) (district court did not err by rejecting proposed jury instruction because the instruction given covered the same substance), cert. denied, 112 S.Ct. 300 (1991).
 
 
 5
 Here, Urias-Melendez requested that the jury be instructed that "[t]he defendant is not compelled to testify, and the fact that the defendant has not testified cannot be used to infer guilt and should not prejudice him in any way." The district court rejected the proposed instruction because "it is already covered by the instruction" given. In an instruction taken from the Manual of Model Criminal Jury Instructions for the Ninth Circuit 3.02 (1992), the jury was instructed that "[t]he defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence."
 
 
 6
 Because the court instructed the jury that Urias-Melendez did not have to testify to prove his innocence, the instruction covered the same substance as the proposed instruction. Accordingly, the district court did not err by refusing the proposed instruction. See Lopez-Alvarez, 970 F.2d at 597; Sehnal, 930 F.2d at 1427.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3